UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DONALD DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:13-CV-63-TLS |
| CRAIG A. PONTON and LAKE COUNTY JAIL, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Donald Davis, a prisoner proceeding *pro se*, filed a Complaint in Lake County Superior Court which was removed by the Defendants [ECF Nos. 1, 2]. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Davis alleges that the Defendants, Craig A. Ponton and the Lake County Jail, improperly interfered with his fundamental right to marry. Specifically, he alleges that he was a pretrial detainee at Lake County Jail awaiting trial on drug charges when he sought permission from the state judge presiding over his criminal case to marry Jacqueline Taylor. The state judge initially approved his request, but in September 2009, deputy warden Ponton allegedly sent the judge a letter asking him to reconsider. Ponton advised the judge that Taylor had recently pled guilty to possession of cocaine, and that "his administration does not feel that it is in the best interest to allow a felon convicted on a drug charge to have personal contact with an inmate awaiting trial on a drug charge." (Compl. ¶ 7, ECF No. 1.) After considering Ponton's letter, the judge on October 9, 2009, amended his prior order to reflect that the marriage could take place after Davis's criminal case was resolved. Davis was subsequently convicted, and on February 12, 2010, the state judge gave him permission to marry Taylor. Before the marriage could occur, however, Davis was transferred to the custody of the Indiana Department of Correction (IDOC), where he remains at present. He asserts that staff at Indiana State Prison will not allow him to marry or even have visits with Taylor because she is presently on probation.[1]

Based on these events, Davis sues Ponton, as well as the Lake County Jail, arguing that Ponton acted improperly in sending the letter to the judge, causing the judge to rescind his initial approval of the marriage. He asserts that had Ponton not interfered, he would have married Taylor several years ago. He claims that Ponton's actions have caused him a significant amount of emotional distress.

---

[1] The Court notes that Davis does not name any IDOC defendants in the complaint.

As an initial matter, the jail itself is not a proper defendant because it is not a "person" or even a policy-making body that can be sued for constitutional violations. 42 U.S.C. § 1983; *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "§ 1983 applies only to a 'person' who acts under color of state law."). Accordingly, the jail must be dismissed as a defendant. As for Ponton, it is apparent that the claim against him is time-barred. His involvement in these events occurred in September 2009, when he sent the letter voicing objections to Davis's marriage. Davis knew as of this date, or at the latest in October 2009 when the judge rescinded his approval of the marriage, of any injury Ponton might have caused him, and he was required to bring his claim against Ponton within two years of this date. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("A plaintiff does not need to know that his injury is actionable to trigger the statute of limitations—the focus is on the discovery of the harm itself, not the discovery of the elements that make up a claim."). Therefore, his claim brought against Ponton in October 2012 was untimely. Moreover, although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when the plaintiff includes facts "sufficient to establish the complaint's tardiness." *Cancer Found., Inc.*, 559 F.3d 674–75. That standard is met here.

Even if the Complaint had been timely filed, it fails to state a plausible federal claim against Ponton. Prisoners have a fundamental right to marry, but "[t]he right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration." *Turner v. Safley*, 482 U.S. 78, 96 (1987). The right may be limited for "sound penological reasons," and when the state has imposed only "incidental interference" on an inmate's right to marry, such as

3

controlling the time or the place of the marriage rather than precluding it outright, "the right to marry does not give rise to a constitutional claim, if there is 'some justification' for the interference." *Williams v. Wisconsin*, 336 F.3d 576, 582 (7th Cir. 2003); *see also Martin v. Snyder*, 329 F.3d 919, 922 (7th Cir. 2003) (observing that "*Turner* does not say that every delay [in the ability to marry] violates the Constitution")

Here, it must be noted that it was the state judge, not Ponton, who made the final decision about Davis's right to marry Taylor. It is not clear that a cognizable claim could lie against Ponton for merely providing information to the judge in connection with that decision. Assuming it could, it is apparent that Ponton's interference was only "incidental," because he asked that the marriage be delayed until Davis's criminal case was resolved, not precluded altogether. Thus, there only needs to be "some justification" for his actions. *Williams*, 336 F.3d at 582. According to the Complaint, jail administrators believed it unwise to allow the marriage while Davis had drug charges pending, since Taylor had recently pled guilty to the same type of charge. Davis does not assert that this information was false, nor does he dispute that the reason given was actually held by jail administrators.[2] He simply believes it was unfair for Ponton to interfere after the state judge gave his approval for the marriage. Under the circumstances, he does not state a plausible federal claim. *See Williams*, 336 F.3d at 582 (finding "ample justification" for state's incidental interference with parolee's right to marry, where the state was legitimately concerned with allowing him to travel outside the United States); *Martin*, 329 F.3d at 922-23 (warden was entitled to qualified immunity on inmate's right-to-marry claim where he had postponed

---

[2] Ordinarily the defendant's justifications for interfering with the marriage are assessed at later stages of the litigation; however, dismissal at the pleading stage is appropriate where, as here, the plaintiff "plead[s] himself out of court by cinching the defense for" the Defendants. *Martin*, 329 F.3d at 921.

marriage for a year rather than precluded it, based on legitimate concerns about the inmate's visitation); *see also Keeney v. Heath*, 57 F.3d 579, 581 (7th Cir. 1995) (deferring to prison's determination that marriage between guard and inmate posed a security risk even though inmate was no longer housed in the same facility). Accordingly, Davis's federal claims must be dismissed with prejudice.

It appears Davis may also be asserting state law tort claims in his Complaint. Given the dismissal of the federal claims, the Court finds it appropriate to relinquish jurisdiction and remand for the state court to consider in the first instance the viability of any state law claims he may have. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

For the foregoing reasons, the plaintiff's federal claims are **DISMISSED WITH PREJUDICE**, and the case is **REMANDED** to Lake County Superior Court for further proceedings on his state law claims.

SO ORDERED on February 21, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION